UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KRYSTLE M. NELSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RAJAT SHARDA, )<br>)<br>Defendant. )<br>) | CIVIL ACTION<br>NO. 16-40157-TSH |

**ORDER ON DAMAGES**
February 27, 2023

**HILLMAN, S.D.J.**

**Introduction**

Plaintiff Krystle Nelson filed this action on October 28, 2016 against Defendant Rajat Sharda alleging the following claims: Count I under 42 U.S.C. 1983 for violation of rights to freedom from unreasonable search and seizure, and to privacy and bodily integrity under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution; Count IV for violation of her rights under the Massachusetts Civil Rights Act M.G.L. c. 12, §§ 11H-11J; Count V for false arrest; Count VI for sexual assault and battery and rape; and Count VII for intentional infliction of emotional distress. The matter was stayed during the pendency of the underlying criminal case and subsequent appeals. The stay was lifted on April 29, 2022. Plaintiff

now moves for summary judgment as to all claims against Defendant.[1] Defendant, acting *pro se*, informed the Court that he will not oppose the motion.

This matter arises from an incident of August 6, 2013. Sometime after midnight, Plaintiff drove her SUV vehicle to Salisbury Park in Worcester with a male companion and parked in the vicinity of Bancroft Tower, where they had intimate relations. At approximately 1:30 a.m. Sharda, while on duty as a uniformed Worcester police officer, pulled his marked police cruiser up next to Plaintiff's vehicle. Shard shined a flashlight inside, told Plaintiff to open a door and informed her and her companion that they were "in trouble."

Without getting Plaintiff's name or identification Sharda had her get out of her car and stand on the other side of his cruiser facing away from the scene. Plaintiff was completely naked except for a blanket she wrapped around herself. Sharda handcuffed Plaintiff's companion and left him in her vehicle, then approached Plaintiff and ordered her to open the blanket. When she asked why and told Sharda she had nothing on beneath the blanket, Sharda told her she must allow him to view her unclothed body so he could "ensure you are carrying no weapons."

Plaintiff opened and immediately closed the blanket, but Sharda held the blanket open and began to digitally rape her. As he did this, Sharda made a flattering comment about the appearance of Plaintiff's genital area and repeatedly asked her what she would be willing to do to avoid getting arrested. Plaintiff begged Sharda not to arrest her, and told him she would stay out of trouble and that she had young children. Sharda responded by observing how embarrassing it would be for Plaintiff and her family for Plaintiff to get arrested for having sex in the park.

As he continued digitally raping her, Sharda asked Plaintiff if she would "f--- a police officer." When she said no, Sharda asked: "What if I wasn't in uniform?" and she again replied

---

[1] The Court has dismissed Counts II and III against other parties, Worcester Police Officers Gary Gemme and Michael O'Brien and the City of Worcester.

no. "You know what I am going to do?" Sharda asked as he continued raping Plaintiff with one hand and with the other hand he unzipped his pants, took his penis out and ordered her to grab it. After Plaintiff refused this demand, Sharda began to masturbate, and he continued that activity and the rape until he ejaculated onto Plaintiff and the blanket.

Sharda then released Plaintiff. She moved back to her vehicle, and he moved his cruiser to block Plaintiff's vehicle. As Plaintiff began clothing herself, Sharda told her to drop the blanket and kick it over to him. She complied and he placed the blanket in his cruiser. Sharda then removed the handcuffs from Plaintiff's companion, allowed him to dress, and had him sit in the front passenger's seat of the SUV. Sharda had Plaintiff get out of the car so he could speak with her privately. Sharda told Plaintiff that he would find her and her family if she ever told anyone what he had done, adding, "Just be grateful you did not even get arrested." Sharda then allowed Plaintiff and her companion to drive off. He followed them in his cruiser for more than a mile before turning away.

Plaintiff was intimidated and fearful of Sharda due to his position as a police officer and threatening statement, but sometime after the incident she disclosed it to a friend who was also Worcester police officer. After an internal investigation by the Worcester Police Department, Sharda was arrested for rape, open and gross lewdness, witness intimidation, and for larceny of the blanket.

On June 4, 2015, following testimony by Plaintiff that Sharda had digitally raped her, and while doing so had masturbated and ejaculated onto her, and shortly thereafter had warned and threatened her against reporting his conduct, a jury of the Worcester Superior Court convicted Sharda of the crimes of rape, open and gross lewdness, and witness intimidation. *Commonwealth v. Sharda*, Worcester Superior Court Docket No. 1485-00664. On June 8, 2015, the trial court

sentenced Sharda to a prison term of five to seven years. The criminal trial court denied two motions for new trial by Sharda. Sharda appealed his convictions to the Massachusetts Appeals Court, which affirmed them on April 21, 2022. All further appellate review has been denied, and Sharda has exhausted his appeals in his criminal case.

Sharda's rape and threats to Plaintiff violated her state and federal rights and she entitled to damages on her 42 U.S.C. § 1983 claim and her state law claims. These damages aim to make the Plaintiff whole for the losses she suffered and continues to suffer because of Sharda's unlawful actions. After careful review of the evidence and considering the totality of the circumstances, the Court makes the following award of damages.

The Court awards Plaintiff $2,500,000 for her pain, suffering and emotional distress. Not only were his actions shocking and sickening, but Sharda abused his position of trust and authority. The rape inflicted ongoing pain and humiliation, changed Plaintiff's relationships with family members and continues to affect her ability to form healthy, adult relationships. Sharda's intimidating behavior while on duty and in uniform, coupled with his threats to harm Plaintiff's child and family members if she reported him, further enhanced the atrocity of his crime and its effect on Plaintiff.

## Conclusion

Final judgment shall enter in this case for the Plaintiff with damages in the amount of $2,500,000 against Sharda.

SO ORDERED.

/s/ Timothy S. Hillman
TIMOTHY S. HILLMAN
UNITED STATES SENIOR DISTRICT JUDGE